UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIRCRAFT INTERIOR SERVICES, LLC,

      Plaintiff,

v.

JET INNOVATIONS, JET FLEET
INTERNATIONAL CORPORATION,
MOHAMMED SAAD ALDREES &
SONS CO. LTD.,

      Defendants.
_____/

CASE NO. 09-13085
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 22nd day of October, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss (Docket #12). Plaintiff filed a timely response, and Defendants filed a reply. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons set forth below, Defendants' Motion is GRANTED.

## II. BACKGROUND

This is a breach of contract and lien dispute that arises from Plaintiff's custom interior work on a Falcon 20 aircraft, Serial Number 284, tail number N201GF (formerly N501MD) (the "Aircraft"), owned by the Defendants. Jet Innovations contracted with Plaintiff pursuant to a written agreement to purchase and install custom interior components on the Aircraft (the "Master Agreement"). Plaintiff began working on the Aircraft in April 2007 at the Oakland County International Airport (the "Airport"), located in Pontiac, Michigan. According to Plaintiff, Defendants currently owe Plaintiff the remaining principal sum of $85,483.50, plus additional costs caused by Jet Innovations' mismanagement of the work on the Aircraft. Rather than making a final payment to Plaintiff, Jet Innovations sued Plaintiff and its principal, Gordon Ross ("Ross"), in California state court for purported damages in excess of $2,800,000.00 due to Plaintiff's alleged defective work. Plaintiff and Ross: (a) removed Jet Innovations' California state court action to the United States District Court for the Central District of California on July 29, 2009, and (b) filed a motion to transfer the case to the United States District Court for the Eastern District of Michigan. *See Jet Innovations v. Aircraft Interior Services, LLC, et al.*, Case No.: CV 09-5542 (the "California Action").

On Friday, August 7, 2009, the Court entered a temporary restraining order enjoining Defendants from removing, altering or in any way modifying the Aircraft from the Airport until an inspection of the Aircraft could be conducted. On August 12, 2009, Defendants filed the instant Motion to Dismiss. On August 13, 2009, the Court conducted a hearing. At the conclusion of the hearing, the Court ordered that: (1) Plaintiff conduct its discovery inspection by August 21, 2009; (2) the Aircraft remain at the Airport until a ruling was made on the Motion to Dismiss; and (3) Plaintiff file a response to the Motion to Dismiss by August 28, 2009. On September 14, 2009,

Judge Christina Snyder of the United States District Court for the Central District of California denied Plaintiff's motion to transfer the California Action to this judicial district.

### III. ANALYSIS

As stated by Judge Snyder, "forum selection clauses are presumed valid" under federal law and may serve as the basis for dismissal of an action. *See, e.g., M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Michigan courts have recognized the enforceability of forum selection clauses as the basis for dismissal of an action. *See, e.g.*, *Turcheck v. Amerifund Financial, Inc.*, 272 Mich.App. 341 (2007); *Robert A. Hansen Family Trust v. FGH Industries, LLC*, 279 Mich.App. 468 (2008).

Defendants argue that this Court should dismiss Plaintiff's cause of action for lack of jurisdiction and improper venue. Paragraph 15 of the Master Agreement contains the following forum selection clause:

> Each party hereby consents to the exclusive jurisdiction of the state and federal courts sitting in California in any action on a claim arising out of, under or in conjunction with the Master Agreement or the transactions contemplated by the Master Agreement.

Plaintiff argues that the Court has the discretion to, and should, retain this action in the Eastern District of Michigan because it is the appropriate forum and venue to litigate this dispute.

The Court is not persuaded that this action should be tried in the Eastern District of Michigan. As stated in *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir. 2006), there are three factors to consider in determining the validity of a particular forum selection clause: "(1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Id.*

at 721 (citing, among other cases, *M/S Bremen*, 407 U.S. at 15). Significantly, Plaintiff does not contest the validity of the forum selection clause. The Court likewise finds that the forum selection clause is valid. The Master Agreement is a commercial contract, which weighs in favor of enforcing the forum selection clause. *Id.* There are no allegations of fraud or overreaching by Defendants. To the contrary, Ross acknowledged in his affidavit that the forum selection clause was acceptable to him when the Master Agreement was executed. Finally, although Plaintiff has argued that it would be inconvenient to have to litigate this case in California, Plaintiff has not argued or submitted evidence that the forum selection clause is unreasonable or unjust, *i.e.*, that "the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus 'depriving litigants of their day in court.'" *Id.* at 722 (citation omitted)

In addition, the Court finds no compelling reason to retain this case in the Eastern District of Michigan. Plaintiff, a sophisticated party, (a) negotiated the Master Agreement, (b) agreed that any claims arising out of it would be litigated exclusively in California, and (c) has acknowledged through its principal that having California as the forum was acceptable when the Master Agreement was executed. Plaintiff therefore voluntarily elected to forego Michigan as a forum for adjudication of the same. Likewise, the Court concludes that Plaintiff's alleged inconvenience in having to litigate the matter in California is not sufficient to overcome its agreement to litigate in California. This is especially true as the alleged inconvenience ignores the burden of the Defendants (who are from California and the Middle East) to try the case in Michigan. Finally, the Court concludes that, because the claims involved in this case and the California Action arise out of the same set of facts and circumstances, the interests of justice weigh in favor of having this case tried in conjunction with the California Action. As the California Action was filed first, and as Judge Snyder recently

held that the California Action would not be transferred to this judicial district, the Court concludes that the claims in this case should be litigated in Central District of California (if Plaintiff elects to bring its claims there).

For the reasons set forth above, the Court concludes that Plaintiff's cause of action shall be dismissed without prejudice.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that Defendants' Motion to Dismiss is GRANTED and Plaintiff's cause of action shall be DISMISSED WITHOUT PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 22, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290